UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA B.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-1052 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Commissioner erred by rejecting four medical opinions. Dkt. 25. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 61 years old, has a high school education, and has worked as a personnel scheduler and a customer service representative. Dkt.19, Admin. Transcript (Tr.) 28, 837. Plaintiff first applied for benefits in 2012, and alleges disability as of May 1, 2011. Tr. 820. Plaintiff's applications were denied in a 2013 ALJ decision that was reversed by this court for

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

reconsideration of two medical opinions.  Tr. 16-30, 1002, 1006-15.  On remand, a second unfavorable ALJ decision was remanded by the Appeals Council.  Tr. 819.  After a third hearing, in August 2019 the ALJ issued the decision at issue here, finding Plaintiff not disabled.  Tr. 818-39.  In pertinent part, the ALJ found Plaintiff's impairments, including lumbar spine condition, obesity, and lower extremity neuropathy, limited her to light work, sitting seven hours per day and reaching frequently with the left upper extremity.  Tr. 822, 825. With this Residual Functional Capacity (RFC), Plaintiff could perform past work as a personnel scheduler.  Tr. 837.

Plaintiff sought review by the Appeals Council, submitting a declaration by her long-time treating physician, Benjamin Paulson, M.D.  Tr. 807-11.  The Appeals Council declined to review the ALJ's 2019 decision, finding the additional evidence did not show a reasonable probability that it would change the outcome of the decision.  Tr. 799-802.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)).

**A.    Sitting**

Plaintiff contends the ALJ erred by rejecting all medical opinions that addressed sitting and finding she could sit for seven hours per day.  In October 2019, treating physician Dr.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

Paulson opined Plaintiff could sit three hours per day.  Tr. 808.  In March 2017, non-examining orthopedic surgeon Donald Miller, M.D., opined she could sit three hours per day.  Tr. 2128.  In 2012 and 2015 respectively, non-examining Stage agency physicians Howard Platter, M.D., and Normal Staley, M.D., opined Plaintiff could sit six hours per day.  Tr. 103, 995.

The ALJ rejected all of the non-examining doctors' opinions based on inconsistency with Plaintiff's statements, her work history, and the medical evidence.  Tr. 831-34.  Although Dr. Paulson's opinions were not before the ALJ, the Commissioner relies on the same reasoning to argue that Dr. Paulson's opinions did not deprive the ALJ's decision of substantial evidence.  Dkt. 27 at 2-3; *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").  Because the reasons are the same for all four opinions, the Court need only address each of the ALJ's reasons once.

### 1. Plaintiff's Statements

The ALJ cited Dr. Paulson's treatment notes to support her finding that Plaintiff "rarely indicated to treating providers that her pain worsened with sitting.  To the contrary, she told medical providers that her pain improved with sitting."  Tr. 827.  In context, statements the ALJ cited show ongoing back pain that was worse with standing but remained severe even while sitting.  In November 2012, Plaintiff reported her low back pain "improves with sitting down" but it was still "[t]ough to do any physical activity."  Tr. 610.  In July 2018, Plaintiff reported her back pain "worsens when she is standing for long periods of time, walking long distances and going up and down the stairs. … The pain improves when she sits."  Tr. 2321.  In October 2018,

Plaintiff reported "low back pain that is … worst with leaning forward and better with sitting or leaning back. She has difficulty finding any relief for her back pain." Tr. 2345. As Dr. Paulson explained in his October 2019 declaration, his treatment notes indicate Plaintiff "reported that her back pain improved with sitting. This was relative to standing or walking." Tr. 809. The Commissioner cites treatment notes showing Plaintiff reported she was "[g]enerally … ok … sitting." Tr. 715, 740. However, as Dr. Miller explained, Plaintiff "is able to obtain relief" only by "leaning back in her couch …, which helps support her head and upper torso." Tr. 2128. The Commissioner offers no evidence that in a typical office chair Plaintiff could lean back and have her head and upper torso supported.

The ALJ's finding that Plaintiff's reports of improvement with sitting show that she could sit seven hours per day was not supported by substantial evidence.

### 2. Work History

The ALJ found Plaintiff was able to sit for eight hours a day at her job that ended in May 2011, and "the longitudinal record does not suggest a notable decrease in the claimant's ability to sit 8 hours a day since May 2011." Tr. 832. However, as Dr. Miller explained, Plaintiff's lumbar spine impairments cause a "degenerative process" that can only "have remained the same or worsened" over time. Tr. 2126. And Dr. Paulson's November 2012 treatment notes indicate Plaintiff's "pain has been worse since" her job ended in "May of 2011." Tr. 610. As Dr. Paulson explained, he relied on treatment notes such as these to conclude that, "[s]ince June 2011," Plaintiff could "not … work an eight-hour work day [sitting or standing at will]. She is not physically capable of doing this for a full work day." Tr. 808.

On this record, the ALJ's finding that Plaintiff's ability to sit had not declined was unsupported by substantial evidence.

### 3. Objective Medical Evidence

The ALJ rejected sitting limitations based on clinical findings showing normal gait, range of motion, balance, muscle strength/tone, and coordination, and imaging showing "minimal abnormalities in the lumbar spine." Tr. 832. However, as Dr. Miller and Dr. Paulson explained extensively, Plaintiff's inability to sit long is based on pain, not deficiencies such as in muscle strength or range of motion. *See* Tr. 2128 ("sitting would be very painful for her to do"). The ALJ found Plaintiff "typically presented as sitting upright without increased work or outward evidence of pain." Tr. 833. However, Dr. Paulson explained that Plaintiff's "ability to sit for 10 to 15 minutes does not demonstrate that she has the ability to perform … prolonged sitting." Tr. 809.

Regarding lumbar imaging, Dr. Paulson explained that, although a person with only Plaintiff's spine condition may not experience "such significant restrictions in sitting," Plaintiff's morbid obesity "places stress on her spine which contributes to her pain with prolonged sitting." Tr. 808. As Dr. Miller explained, "[h]aving to support such excessive weight places extraordinary pressure on her already inflamed and arthritic lumbar spine and significantly worsens the lumbar spinal pain caused by her facet arthropathy." Tr. 2126.

On this record, the normal or minimally abnormal findings the ALJ cited were not substantial evidence supporting the ALJ's finding that Plaintiff can sit for seven hours per day.

### 4. Harmful Error

The ALJ failed to provide a valid reason to reject the four physicians' opinions that Plaintiff cannot sit for seven hours per day. The Court concludes the ALJ erred by rejecting Dr. Miller's and the State agency doctors' opinions. Considering these opinions and Dr. Paulson's opinions, the Court concludes the ALJ's finding that Plaintiff could sit for seven hours per day

was not supported by substantial evidence.

B.     **Handling/Fingering**

The ALJ rejected Dr. Miller's 2017 opinion that, "[b]ecause of reduced and slowed sensation and numbness" to the fourth and fifth left fingers, Plaintiff's "typing speed and accuracy will be significantly reduced." Tr. 2127. The Appeals Council found Dr. Paulson's 2019 opinion of manipulative limitations not reasonably likely to change the ALJ's decision. Tr. 800.

The ALJ found Plaintiff's "upper extremity symptoms were transient," lasting only for portions of 2012 and 2016, and caused "little ... functional restriction." Tr. 833. Dr. Paulson explained that, because she was no longer working using a keyboard, Plaintiff's symptoms were "not severely impact[ing] her daily functioning." Tr. 811. However, he "would expect a recurrence, or worsening, of symptoms if she were to return to keyboard type work." Tr. 811. This evidence undermined the ALJ's conclusion that Plaintiff was able to perform unlimited handling and fingering. *See* Tr. 825.

The Court concludes the ALJ's finding that Plaintiff had no handling or fingering restrictions was not supported by substantial evidence.

C.     **Scope of Remand**

Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative proceedings. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.*

(citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

      Plaintiff contends her inability to sit for seven hours per day establishes disability.  On this issue, the first step is satisfied because, as discussed above, the ALJ failed to provide sufficient reasons for rejecting the medical opinions.  The second step is satisfied because there is no outstanding issue to resolve, as all medical sources agreed Plaintiff could not sit for seven hours.  Regarding the third step, the ALJ accepted the testimony of vocational expert Joseph A. Moisan that Plaintiff's past work as a personnel scheduler required sitting seven hours per day. *See* Tr. 838, 1592.  Accordingly, Plaintiff could not perform her past work.

      The inquiry then turns to whether Plaintiff could perform other work.  The Commissioner does not dispute that the ALJ did not find Plaintiff had any transferable skills.  The Commissioner also does not dispute that, under the Medical-Vocational Guidelines, a person of advanced age, limited to light work, with a high school education and no transferable skills, is disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.06.  Accordingly, beginning when

Plaintiff reached advanced age in 2015, the Medical-Vocational Guidelines would mandate a finding of disability. *See id.* at § 201.00(d) ("advanced age" is "55 and over"). However, Plaintiff has offered no argument establishing disability in the time between her 2011 alleged onset date and when she reached advanced age. Because Plaintiff has not shown the third step is satisfied, the Court concludes this case should be remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should evaluate the opinions of Dr. Paulson, Dr. Miller, Dr. Platter, and Dr. Staley; reassess the RFC as appropriate; and proceed to steps four and five as necessary.

DATED this 20th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE