UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA A. BOOBER,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-1052 RSM

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). Dkt. 31. Having considered the motion and the parties' briefing, the Court **DENIES** the motion.

## BACKGROUND

On April 20, 2021, the Court entered an order reversing the Commissioner's denial of benefits and remanding for further administrative proceedings. Dkt. 29. On May 20, 2021, Plaintiff filed the instant motion. Dkt. 31. Rule 60(b)(6) provides that on "just terms," a court "may" relieve a party from a final judgment or order for "any … reason that justifies relief."

"To receive Rule 60(b)(6) relief, a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.'" *Lehman v. U.S.*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting *U.S. v. Alpine Land & Reservoir Co.*, 984

F.2d 1047, 1049 (9th Cir.1993)). Plaintiff has shown neither.

**A.    Timeliness**

Rule 59 permits a court to alter or amend a judgment only on a motion filed within 28 days. Plaintiff provides no reason why she could not have filed a motion within 28 days of judgment. While Rule 60(b)(6) does not contain a deadline, "[n]eglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman*, 154 F.3d at 1017. Plaintiff provides no authority to support her assertion that the Court's "failure to award benefits constitutes extraordinary circumstances warranting relief." Dkt. 33 at 1. Plaintiff's argument appears to be that the Court's error was so clear that the 28-day deadline to challenge a judgment should not apply. If the error were so clear, that is all the more reason Plaintiff should have recognized and addressed it within 28 days.

Plaintiff alternatively asks the Court to treat her motion as "either a Rule 60(b)(1) motion based on excusable neglect or as an untimely filed motion for reconsideration." Dkt. 33 at 1. Plaintiff relies on a case where the Ninth Circuit, applying a different rule, held that weighing the factors to determine excusable neglect should be left "to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (applying Fed. R. App. P. 4(a)(5)(A)). Because Plaintiff fails to provide any excuse for failing to timely challenge the order, the Court cannot grant her motion under Rule 60(b)(1). There can be no excusable neglect without an excuse.

As to Plaintiff's request for her motion to be treated as an untimely motion for reconsideration, she provides no authority for acceptance of such a motion. "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Plaintiff fails to provide any authority

for accepting an untimely motion.

Plaintiff's motion was therefore untimely whether considered under Rule 59, Rule 60(b)(1), Rule 60(b)(6), or Local Rule 7(h).

**B.      Injury**

Moreover, Plaintiff's Rule 60(b)(6) motion fails because she shows no injury. *See Lehman*, 154 F.3d at 1017. Plaintiff contends that, because she lacked transferable skills, the Medical-Vocational Guidelines mandated an award of benefits beginning March 2015. Dkt. 31. As the Court wrote in its order, "[t]he Commissioner d[id] not dispute that the ALJ did not find Plaintiff had any transferable skills." Dkt. 29 at 7. However, the record reveals that the ALJ found at step four that Plaintiff was not disabled because she could perform past work. Dkt. 19, Admin. Transcript (Tr.) 837-38. Because the five-step disability determination was resolved at step four, the ALJ made no determination regarding transferable skills at step five.

Plaintiff's claim that "[u]ncontroverted" evidence establishes she lacks transferable skills mischaracterizes the record, as the vocational expert testified Plaintiff had several transferable skills. Dkt. 33 at 2; Tr. 76 ("ability to type and post information"; "Recording information…, composing and creating documents").[1] The ALJ did not analyze any of the evidence about transferable skills, and this Court cannot make independent findings based on the evidence before the ALJ.[2] *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The Court cannot conclude, as a matter of law, that Plaintiff had no transferable skills. Plaintiff has not

---

[1] Plaintiff argues this testimony is irrelevant because it relates to sedentary work. Dkt. 33 at 3. But the testimony is not expressly limited to sedentary work. *See* Tr. 76. Moreover, even a high school graduate like Plaintiff (Tr. 28) limited to sedentary work is not disabled under the Medical-Vocational Guidelines if she has transferable skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.07.

[2] Moreover, in a previous ALJ decision in this case, the ALJ did address the issue and found Plaintiff had transferable work skills. *See* Tr. 28.

shown she was entitled to an award of benefits.

Accordingly, Plaintiff has not established any injury caused by the Court's order remanding the case for further administrative proceedings.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is **DENIED**.

DATED this 8th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE